**LOCKS** LAW FIRM
PLLC

110 East 55th Street
New York, New York 10022
T 212.838.3333
T 866.LOCKSLAW
F 212.838.3735
lockslaw.com

Fran L. Rudich
frudich@lockslawny.com

January 29, 2008

**VIA ECF**

Honorable Judith G. Dein
United States District Court
 District of Massachusetts
1 Courthouse Way
Boston, MA 02210

    Re: *Earley v. BJ's Wholesale Club, Inc.*
       07-CV-11088(JGD)

Dear Judge Dein:

  We represent Plaintiffs in this Fair Labor Standards Act "FLSA") overtime case asserting that Defendant failed to pay overtime to Plaintiffs and to others at its company similarly situated. We submit this letter pursuant to the Court's Order at the January 22, 2008 Scheduling Conference directing that the parties provide submissions on how discovery is to proceed at this stage of the litigation and, particularly to answer the contention of Defendant that Plaintiffs should have <u>no</u> discovery prior to moving for collective action certification under Section 216(b) of the FLSA.

  As a matter of common sense, as well as under the case law in this Circuit, Plaintiffs should certainly be accorded some basic discovery prior to making their motion for 216(b) certification.[1] In the alternative, should Plaintiffs not be accorded discovery, it is only right and fair that for any issues as to which they are not accorded discovery, then Defendant cannot assert those issues to defend against collective action certification. It hardly can be that Defendant can argue that Plaintiffs are not entitled to discovery on an issue where Plaintiffs bear the burden of proof and persuasion and yet Defendants can

---

[1] To date, the parties have, in fact, exchanged Rule 26 initial disclosures, served and responded to document requests and interrogatories. Thus, the practical effect of the Defendant's position would be to forestall the depositions of the parties. As stated at the January 22nd scheduling conference, Plaintiffs anticipate conducting limited depositions prior to making their 216(b) motion – specifically and most likely, only the Defendant's Rule 30(b)(6) deposition(s). This would be in addition to addressing any matters open under Plaintiffs' document requests and interrogatories.

Honorable Judith G. Dein
Earley v. BJ's Wholesale Club, Inc.
January 29, 2008
Page 2

assert those issues as defenses to certification without Plaintiffs being permitted discovery to address those points.

In determining whether to conditionally certify an FLSA collective action class and allow notice to collective action members, the Court must consider whether potential collective action members are "similarly situated." 29 U.S.C. § 216(b). District Courts in the First Circuit, and a majority of the other circuits, follow a two-tiered approach, which applies a liberal standard to allow conditional certification and notice prior to the *completion* of substantial discovery. *Kane v. Gage Merchandising Services, Inc.*, 138 F. Supp.2d 212 (D. Mass. 2001); *Reeves v. Alliant Techsystems, Inc.*, 77 F. Supp.2d 242 (D.R.I. 1999).[2] Notwithstanding Defendant's counsel's statement at the January 22 conference, these two cases <u>do not</u> hold that Plaintiffs are not entitled to *any* discovery from the Defendant prior to moving for collective certification under Rule 216(b). On the contrary, they provide that, while discovery is in progress, the plaintiff can (and should) move for collective certification. In fact, in *O'Donnell v. Robert Half Corp.*, 429 F. Supp.2d 246 (D. Mass. 2006), one of the cases the Defendant mentioned during the January 22nd conference, this Court specifically allowed "plaintiff [to] conduct discovery to explore class question…" prior to the Rule 216(b) motion. *See* Exhibit A, Docket Sheet for *O'Donnell v. Robert Half Corp*, at 8/22/2005 entry. *Accord, e.g., Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006) (citing cases) ("The court typically makes the [216(b)] determination fairly early in the litigation, before the parties complete discovery.").

This makes eminent sense, as well as effectuates judicial efficiency. Even though, in this Circuit, as well as elsewhere, the showing needed to obtain 216(b) certification is low, the burden nonetheless rests on the plaintiff. *Trezvant v. Fid. Emplr. Servs. Corp.*, 434 F. Supp. 2d 40, 43 (D. Mass. 2006); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) (noting burden and explaining how plaintiff can prevail with minimal showing of affidavits and declarations); *Westfall v. Kendle Int'l, CPU LLC*, 2007 U.S. Dist. LEXIS 11304, 24-25 (D. W. Va. Feb.15, 2007) (In furtherance of meeting the burden in a her 216(b) motion, the moving plaintiff offered evidence through affidavits and deposition testimony). Obviously, most of the information related to this inquiry is in the hands of the Defendant and certainly, while cases permit repetitive motions for collective action certification to be filed, See, e.g., *O'Donnell v. Robert Half Corp., supra*, it hardly makes sense not to permit the threshold discovery needed to underlie a 216(b) motion. Nor, as Defendant here apparently wishes, it would hardly be fair to expect Plaintiffs to come forward with the even modest factual evidence necessary to show the lenient "similarly situated" standard for collective action certification without being afforded the opportunity to conduct any discovery of the defendant—yet allowing the defendant to submit such facts as it may marshal in opposition to such motion.

---

[2] By urging the Court to allow discovery at this time, Plaintiffs are not, in any way, implying the Court should not utilize the above-described two-tired approach in this matter.

Honorable Judith G. Dein
Earley v. BJ's Wholesale Club, Inc.
January 29, 2008
Page 2

In short, the usual rule is that a plaintiff can, indeed, obtain preliminary and threshold discovery prior to filing for 216(b) certification. But, in all events, since discovery under Rule 26 has begun (*see* footnote 1, above), should the Court adopt Defendant's position and not permit discovery, then the Court should hold that any matter as to which Defendant does not provide discovery to Plaintiff cannot be used to argue that 216(b) certification is not met. Defendant should not be allowed to utilize the discovery process as both a sword and a shield.

In light of the foregoing, the Plaintiffs respectfully request that the Court adopt the Plaintiff's proposed schedule as set forth in the previously submitted Joint Statement of the Parties. (Attached hereto as Exhibit B for the Court's convenience).

Respectfully submitted,

*/s/ Fran L. Rudich*

Fran L. Rudich

cc:   Jeffrey Rosin, Esq. (via ECF and E-Mail)
      Ellen Kearns, Esq. (via ECF and E-Mil)