UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DENNIS EARLEY, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 07-11088-NG |
| | ) | |
| BJ's WHOLESALE CLUB, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER RE PRELIMINARY DISCOVERY

April 1, 2008

DEIN, U.S.M.J.

## I.  INTRODUCTION

The plaintiff, Dennis Earley ("Earley"), is a former employee of BJ's Wholesale Club, Inc. ("BJ's") in Pennsylvania.  (Compl. ¶ 23).  BJ's is a Massachusetts corporation with 34 stores in the State of New York (Compl. ¶ 7), and numerous others in various other states.  Earley commenced this purported class action in the Southern District of New York alleging that BJ's had failed to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Pennsylvania law.  (Compl. ¶ 2).

In response to BJ's motion to transfer, this action was transferred to the District of Massachusetts pursuant to an order of the District Court of New York dated June 4, 2007. The Pennsylvania state law claims have been dismissed voluntarily.

Some discovery has taken place by agreement. An issue raised at the Rule 16(b) conference before this court was whether Earley should be permitted to take additional discovery directed towards the issue of conditional class certification without making any preliminary showing. For the reasons detailed herein, this court finds that additional discovery is not appropriate at this time, and that the plaintiff should file his motion for conditional class certification by **MAY 1, 2008**, accompanied by supporting materials. Following this submission, either party may request leave to take additional discovery prior to the court's ruling on the motion for conditional certification.

## II.  STATEMENT OF FACTS

### Definition of the Purported Class

Earley contends that he was employed as a "department manager" at one of BJ's superstores in Camp Hill, Pennsylvania, from May 2001 through about May 2004. (Compl. ¶ 23). The only description of his work responsibilities in his complaint is his contention that his work "required little skill and no capital investment" and "did not include managerial responsibilities or the exercise of independent judgment." (Compl. ¶ 25). Earley is purporting to bring a class action pursuant to 29 U.S.C. § 216(b). He states that he is bringing this action "on behalf of all persons who are or were formerly employed by Defendant in the United States at any time since May 9, 2003 to the entry of judgment in this case (the 'Collective Action Period') who were not paid for hours that they actually worked as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per

workweek (the 'Collective Action Members')."  (Compl. ¶ 8).  He describes these other

employees as holding "positions that required little skill and no capital investment" and

whose "duties and responsibilities did not include any managerial responsibilities or the

exercise of independent judgment."  (Compl. ¶ 27).  In addition, according to Earley,

these other employees did not have authority to make hiring or firing decisions or

rcommendations.  (Id.).  According to the complaint, BJ's "had a policy and practice of

refusing to pay overtime compensation to its employees for their hours worked in excess

of forty hours per workweek as well as compensation for all of the hours worked by

them."  (Compl. ¶ 36).  Earley estimates that there are approximately 3,000 members of

the Class.  (Compl. ¶ 9).  An individual named Kristopher Charles ("Charles") has filed a

"consent to become a party plaintiff" but no details about Charles or his employment are

included in the complaint.  (See Docket No. 23).  No amended complaint has been filed.

According to BJ's, it has more than 170 stores nationwide, and "[t]he number and

job titles of department managers found in each BJ store differs depending upon the

geographic size of the store, its sales volume and the type of marketing opportunities it

offers its customers."  (Defendant's Revised Memorandum to the Court Regarding

Preliminary Discovery (Docket No. 36) ("BJ's Memo") at 2).  Earley was a "tire bay

manager" at Store 25, which BJ's describes as a "mid-sized store both in geographic size

and sales volume."  (Id.).  Charles was a "customer service manager" at Store 25 for part

of his employment.  (Id.).  Store 25 presently has nine (9) department managers,

including a meat manager, bakery manager, receiving/inventory manager I, night mdse

asst - gen mdse manager, loss prevention manager I, customer service manager I, tire bay manager, personnel manager I, and membership acquisition and retention manager.  (Id. at 2-3).  According to BJ's, "[a]s a general rule, larger stores with larger numbers of employees have more department managers, including some department manager positions that do not exist at smaller or mid-size stores.  For example, some BJ's stores do not have a Tire Bay and, thus, have no Tire Bay Manager.  Other BJ's stores have a Tire Bay that is run by a third party (e.g., Monroe tires)."  (Id. at 3).  No other store managers either from Store 25 or any other store have opted-in to this action as of this date.

## **Discovery Requests**

To date, BJ's has provided its initial disclosures, produced some documents and responded to interrogatories.  (See Plaintiff's Letter dated Jan. 29, 2008 (Docket No. 34) at 1 n.1).  Earley has filed document requests to which BJ's objects.[1]  These requests seek documents revealing names and contact information for all BJ's department managers "whether part-time or full time, permanent or temporary" from May 2003 to the present, payroll information for all such managers, time records for all such managers and over 30 additional categories of documents covering all department managers from May 2003 to the present.  (Plaintiff's First Request for Production of Documents, Request No. 2).  In addition, the plaintiff has filed a Rule 30(b)(6) deposition notice to BJ's listing 17

---

[1]  Copies of the discovery requests are attached to BJ's Memo.

categories of matters to be covered.  These categories also relate to undifferentiated

"Department Managers" and cover at least the period May 9, 2003 to the present.  BJ's

has objected to this deposition notice as well.

### III.  ANALYSIS

Under the FLSA, an employee may bring an action on his own behalf as well as on

behalf of "other employees similarly situated."  29 U.S.C. § 216(b).  To become a

member of the class, an employee must "opt-in" by filing a written consent with the court

to become a party to the action.  See Severtson v. Phillips Beverage Co., 137 F.R.D. 264,

265 (D. Minn. 1991).  "[O]nly potential plaintiffs 'similarly situated' to the named

plaintiff may join the representative action" and "district courts have discretion, in

appropriate cases, to implement § 216(b) by facilitating notice to potential plaintiffs."

Kane v. Gage Merch. Servs., Inc., 138 F. Supp. 2d 212, 214 (D. Mass. 2001).

The majority of districts, including Massachusetts, have adopted a two-tier

approach to class certification under the FLSA, and the parties agree that such an

approach is warranted in the instant case.  See Trezvant v. Fidelity Employer Servs.

Corp., 434 F. Supp. 2d 40, 43 (D. Mass. 2006) (collecting cases).  This approach, which

is designed to determine "whether named plaintiffs and putative class members are

similarly situated," is described as follows:

> 1)    the "notice stage", in which the Court relies upon the
> pleadings and any affidavits to determine, under a "fairly lenient
> standard", whether the putative class members "were subject to a
> single, decision, policy, or plan that violated the law"; and

> 2) the second stage, wherein, <u>after discovery</u>, a defendant may move for de-certification if the plaintiffs are shown not to be similarly situated.

<u>O'Donnell v. Robert Half Int'l, Inc.</u>, 429 F. Supp. 2d 246, 249 (D. Mass. 2006) (quoting <u>Kane</u>, 138 F. Supp. 2d at 214) (emphasis added).  The issue raised by the instant case is whether a party is entitled to discovery prior to the first stage to support a plaintiff's "fairly lenient standard" of proof that the putative class consists of similarly situated parties.

"Usually, the initial stage determination is based only on the pleadings and any affidavits which have been submitted."  <u>Trezvant</u>, 434 F. Supp. 2d at 43 (internal quotation omitted).  As the <u>Trezvant</u> court explained:

> As a result of the minimal evidence available, this determination is made using a fairly lenient standard, which typically results in conditional certification of the representative class.  At this stage, courts do not need to make any findings of fact with respect to contradictory evidence presented by the parties or make any credibility determinations with respect to the evidence presented.
>
> Courts have held that plaintiffs can meet this burden by making a modest factual showing or asserting *substantial* allegations that the putative class members were together the victims of a single decision, policy, or plan that violated the law.

<u>Trezvant</u>, 434 F. Supp. 2d at 43 (internal quotations omitted).

> "Substantial allegations" have been defined as detailed allegations supported by affidavits that successfully engage defendant's allegations to the contrary.

<u>Id.</u> at 43 n.2, and cases cited.  While the standard is very lenient, it is not non-existent, and some factual showing on the part of the plaintiff must be made before conditional

class certification is granted.  <u>See</u> <u>id.</u> at 43 (argument that "an unsupported allegation of a common plan is sufficient for conditional certification" has been "roundly rejected"). "As a matter of sound case management, a court should make a preliminary inquiry as to whether a manageable class exists and require plaintiffs to make a preliminary factual showing that there actually exists a similarly situated group of potential plaintiffs."  <u>Id.</u> at 43-44 (internal quotations and citations omitted).

In the instant case, Earley has not submitted any facts, by way of affidavit or otherwise, to support his allegations of the existence of a very large class.  Clearly, the conclusory allegations of the complaint are insufficient to support even conditional certification at this stage.  <u>See</u> <u>Haynes v. Singer Co., Inc.</u>, 696 F.2d 884, 887-88 (11th Cir. 1983) ("counsel's unsupported assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores" is insufficient to support class notification).  The insufficiency of the pleadings is even more apparent in light of BJ's description of the different types of managers, and the different job responsibilities in different stores.  Unless Earley can establish "at least a colorable basis for [his] claim that a class of 'similarly situated' plaintiffs exist," he is not entitled to the class notice discovery he is seeking, such as the "names and addresses of all persons who fall within plaintiffs' proposed class definition."  <u>Severtson</u>, 137 F.R.D. at 267 (motion to compel discovery should have been denied where plaintiffs had not made showing sufficient to warrant notice to proposed class members).

Nevertheless, Earley is not limited to his pleadings, and he may file affidavits to establish sufficient facts to support a finding of conditional certification (and, in turn, notice related discovery). Most courts provide for the plaintiff to seek conditional certification without discovery. See Reeves v. Alliant Techsystems, Inc., 77 F. Supp. 2d 242, 246-47 (D.R.I. 1999) (initial decision as to whether notice of the action should be given to potential class members is usually based only on pleadings and affidavits). Accord Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 497 (D.N.J. 2000). In the instant case, for example, Earley could file an affidavit based on his own employ-ment experience addressing the organization of Store 25, and responding to BJ's description of the store's organizational structure. See Kane, 138 F. Supp. 2d at 215 (affidavits sufficient to meet lenient standard for court-facilitated notice). However, he has made no attempt to do so. Given that the outstanding discovery requests are very broad, and are only relevant if a class exists, Earley should be required to make at least a preliminary showing before proceeding with additional discovery.

This court recognizes that there are courts which have allowed limited discovery prior to deciding whether to grant conditional certification and allow notice to potential members. See, e.g., Tucker v. Labor Leasing, Inc., 155 F.R.D. 687, 689-90 (M.D. Fla. 1994). In the instant case, this court is not being called upon to establish a per se rule concerning whether discovery should always or never be allowed prior to conditional certification. Rather, in the instant case, there has been limited discovery to date by agreement. Given the absence of *any* showing of a potential class on the part of the

plaintiff, the breadth of the class definition, the large number of alleged class members, and the sweeping nature of the discovery being sought, this court is convinced that no further discovery should be allowed without some showing of a factual basis for the claimed class action. Therefore, this court orders the plaintiff to file a motion for conditional certification with supporting affidavits by May 1, 2008. If, at that point, one or both of the parties desires additional discovery before a ruling on conditional certification, they can either agree to such discovery or file a motion requesting court authority for such discovery. Absent agreement or court order, no additional class-related discovery can be taken.

This appears to be the procedure followed by the parties and court in O'Donnell, a case cited by both parties. As evidenced by the docket sheet attached to the plaintiff's letter (Docket No. 34), in that case the plaintiff filed a motion to conditionally certify a class, which was supported only by affidavits. (Docket Nos. 11-12). The defendant filed an opposition based only on affidavits. (See Docket No. 19). Thereafter, the court allowed the parties to take limited discovery on the class action question. (See Docket No. 26, entry of 8/22/05). Thus, it was not until after the plaintiff had at least gone forward with affidavits addressing the class certification issues that discovery was allowed.

## IV. CONCLUSION

For the reasons detailed herein, plaintiff shall file his motion for conditional class certification by **MAY 1, 2008**, accompanied by supporting materials. Following this

submission, either party may request leave to take additional discovery.  Absent such

discovery, the opposition to the motion shall be due within fourteen (14 days) of the

filing of the motion.  No further class-related discovery may be taken absent agreement of

the parties or court order.


                              ____ / s / Judith Gail Dein_____
                              Judith Gail Dein
                              United States Magistrate Judge